UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-303-KSF

MERLE TAPPEN                                                                                              PLAINTIFF

v.                              **OPINION & ORDER**

STUART POWELL FORD LINCOLN
MERCURY MAZDA                                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Stuart Powell Ford Lincoln Mercury Mazda, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is fully briefed and is ripe for review.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Stuart Powell Ford, Inc. ("Stuart Powell Ford"), improperly identified as Stuart Powell Ford Lincoln Mercury Mazda, is a car dealership operating in Danville, Kentucky since 1973. The building currently occupied by Stuart Powell Ford was constructed in 1986, at which time a paved parking lot with 25 parking spots for customers was installed. Following the enactment of Title III of the Americans with Disabilities Act of 1990 (the "ADA"), a handicap accessible parking spot was designated, although the total number of customer parking spots remained at 25 spaces.

At some point prior to September 9, 2009, the plaintiff, Merle Tappen, *pro se*, visited the Stuart Powell Ford parking lot. Thereafter, on September 9, 2009, Tappen filed this action asserting claims under Title III of the ADA, alleging, in part that "Stuart Powell Ford blatantly fails and

1

refuses to comply with the accessibility obligations of the ADA and the accessibility standards promulgated pursuant to the ADA and further perptuates (sic) and condones what constitutes an universal design flaw in the creation, maintenance, and construction of parking at its facilities" [DE #1,¶2]. Tappen contends that he suffers from spondylothesis, and that Stuart Powell Ford "owes the Plaintiff the duty to provide parking facilities that comply with the standards set forth in the Statue (sic) and/or its implementing regulations that are, therefore, readily accessible and usable by persons with disabilities" [DE #1,¶ 12]. Specifically, Tappen alleges that Stuart Powell Ford's facility has parking spaces: "a. that are inadequate to service the facility; b. that do not have adequate access spacing; c. that have no signage designating accessible parking[;] d. that are not located along the shortest accessible route of travel or ramped properly" [DE #1,¶13].

In September 2009, Stuart Powell Ford's entire blacktopped area, including the 25 customer parking spaces, was re-sealed and the parking spaces re-striped in the ordinary course of business. As a result, sealing tar was applied over the existing parking stripes. The sealing process was completed on October 12, 2009. At that time, two designated handicap and van accessible parking spots were created.

Stuart Powell Ford now moves the Court for summary judgment on the grounds that the parking facilities Tappen complains about are compliant with the ADA. Although Tappen failed to file a timely response to Stuart Powell Ford's motion, he did file his "Memorandum in Support of Plaintiff's Complaint" [DE #17], which the Court will consider in ruling on Stuart Powell Ford's motion for summary judgment. Tappen has also filed a motion for a court appointed attorney [DE #16].

## II. TAPPEN'S MOTION FOR COURT APPOINTED ATTORNEY

Tappen has requested appointment of counsel. In support of his request, he cites 28 C.F.R. § 36.501, which provides, in part, that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant. . . ." However, "[t]here is no constitutional or . . .statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). When determining whether exceptional circumstances are present, courts examine the type of case, the complexity of the issues, and the litigant's ability to represent themselves. *Id*. From a review of the record in this case, the Court is unable to find any exceptional circumstances justifying the appointment of counsel. Accordingly, Tappen's motion for court appointed attorney will be denied.

## III. STUART POWELL FORD'S MOTION FOR SUMMARY JUDGMENT

Stuart Powell Ford argues that it is entitled to summary judgment for three reasons. First, Stuart Powell Ford contends that Tappen lacks standing to bring this action. Second, Stuart Powell Ford contends that there is no private right of action for compensatory damages under the ADA. Finally, Stuart Powell contends that Tappen's claims are moot and must be dismissed.

The Court must first determine whether Tappen has satisfied the standing requirements of Article III of the United States' Constitution. This is a "threshold question that must be resolved . . . before proceeding to the merits." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998). Article III limits the judicial power of federal courts to "Cases" and "Controversies," U.S. Const. art. III, § 2, which the Supreme Court has interpreted to mean "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co.*, 523 U.S. at

102. The standing requirement thus helps ensure that federal courts respect "the proper-and properly limited-role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Generally, the standing requirement has three components: (1) that plaintiff has suffered an "injury in fact;" (2) that the injury is "fairly traceable to the challenged action of the defendant;" (3) that it is "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The party invoking jurisdiction bears the burden of establishing these elements." *Id*. at 561.

The test for standing "focuses on whether the plaintiff is the proper party to bring this suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Thus, the standing requirement ensures that the questions presented to a court are resolved "not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Requiring that the person seeking relief allege "a personal stake in the outcome of the controversy" helps to ensure the "concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions." *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(quoting *Baker v. Carr*, 369 U.S .186, 204 (1962)). Furthermore, it shows "due regard for the autonomy of those persons likely to be most directly affected" by a court's action by putting "the decision as to whether review will be sought in the hands of those who have a direct stake in the outcome." *Valley Forge Christian College*, 454 U.S. 473.

In addition to Article III standing, a plaintiff must also establish that he meets three additional prudential standing requirements. In *Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912

(6th Cir. 2002), the Sixth Circuit stated these additional requirements as follows:

> A plaintiff must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties. Second, a plaintiff's claim must be more than a generalized grievance that is pervasively shared by a large class of citizens. Third, in statutory cases, the plaintiff's claim must fall within the zone of interests regulated by the statute in question.

*Id*. at 916 (citations omitted).

Because the issue of standing is a threshold issue that must be decided before the Court can exercise subject matter jurisdiction over this matter, the Court will construe Stuart Powell Ford's motion for summary judgment as a motion to dismiss. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Stuart Powell Ford argues that Tappen lacks standing, in part, because he has not alleged that he suffered an "injury in fact." To satisfy the injury in fact requirement, a plaintiff must allege an invasion of a legally protected interest that is (a) "concrete and particularized" and (b) "actual and imminent." *Lujan*, 504 U.S. at 560. To be "concrete and particularized," an "injury must affect the plaintiff in a personal and individual way." *Id*. at 560 n.1. That is, "standing cannot be predicated upon an injury the plaintiff suffers in some indefinite way in common with people generally." *Massachusettes v. Mellon*, 262 U.S. 447, 488 (1923). "Even in a proceeding which he prosecutes for the benefit of the public the plaintiff must generally aver an injury peculiar to himself, as distinguished from the great body of his fellow citizens." *Tyler v. Judges of Court of Registration*, 179 U.S. 405, 406 (1900). A generalized grievance is not sufficient for Article III because of "the necessarily abstract nature of [an] injury all citizens share." *Lance v. Coffman*, 549 U.S. 437, 441 (2007)(quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974)).

For his injury to be "actual or imminent," "[a]bstract injury is not enough." *City of Los Angelos v. Lyons*, 461 U.S. 95, 102 (1983). Rather, a plaintiff must show "that he has sustained or is immediately in danger of sustaining some direct injury." *Id*. The injury cannot be "conjecture or hypothetical." *Lujan*, 504 U.S. at 560. If the injury a plaintiff alleges has not already been sustained, the threat of future injury must be "sufficiently real and imminent [so as] to show an existing controversy." *Lyons*, 461 U.S. at 103. "Allegations of possible future injury do not satisfy the requirements of Art[icle] III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

Tappen's allegations against Stuart Powell Ford relate to whether the configuration of parking spaces satisfies the requirements of the Americans with Disabilities Act. However, even if Tappen's allegations are true, he has failed to show that he has suffered any injury in fact as a result of the defendant's actions. He has not alleged that he has ever attempted to enter Stuart Powell Ford for any purpose and was unable to do so. Nor has he pled that he suffered an "invasion of a legally protected interest" that is "concrete and particularized" rather than purely "conjecture or hypothetical." His complaint is simply conjecture and hypothetical and does not establish any personal injury.

Even if Tappen were able to establish some injury, he has not shown that the injury is "fairly traceable to the challenged action of the defendant" or that it is "likely" that the injury will be "redressed by a favorable decision." As explained by Stuart Powell Ford, following the enactment of the ADA, an ADA-compliant van accessible handicapped accessible parking space was installed in the customer parking lot containing 25 parking spots. [DE #15-2, ¶ 4]. After re-sealing and re-striping the parking lot as part of routine maintenance in September and October 2009, Stuart Powell Ford continues to have 25 parking spaces, including two designated handicap van accessible parking

spaces. [DE 15-2, ¶¶10-14]   The ADA requires only one designated parking space for a lot containing 1 to 25 parking spaces.  28 C.F.R. Ch. 1, Pt. 36, § 4.1.2.(5).  Moreover, Tappen's own photographs show the ADA compliant parking spaces [DE #15-3].  Because Stuart Powell Ford's parking lot fully complies with the ADA, Tappen cannot establish that any alleged injury is traceable to Stuart Powell Ford or would be redressed by a favorable decision.  Tappen has thus failed to satisfy any of the requirements of Article III standing.  As a result, this court therefore lacks subject matter jurisdiction over this action, and Tappen's complaint will be dismissed pursuant to Rule 12(h)(3).

**IV.    CONCLUSION**

For the reasons set forth below, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Tappen's motion for court appointed attorney [DE #16] is **DENIED**;

(2) Stuart Powell Ford's motion for summary judgment [DE #15], construed as a motion to dismiss, is **GRANTED**;

(3) Tappen's claims against Stuart Powell Ford are **DISMISSED WITHOUT PREJUDICE**; and

(4) this matter is **STRICKEN** from the active docket.

This August 3, 2010.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**